UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVIER NUNEZ, | : | **1:24-CV-00392** |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

### **I. Introduction.**

This is a social security action brought under 42 U.S.C. § 405(g). Plaintiff Javier Nunez seeks judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income under Title XVI of the Social Security Act. Because Nunez has not exhausted administrative remedies and obtained a final decision after a hearing, we will grant the Commissioner's motion for summary judgment and dismiss the complaint without prejudice.

### **II. Background and Procedural History.**

Nunez began this action in the United States District Court for the Southern District of New York, which then transferred the case to this court. *Doc. 5*. The

parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 11*.

The Commissioner filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). *Doc. 15*. He also filed a brief in support of his motion to dismiss arguing that the court should dismiss the complaint because Nunez has not exhausted administrative remedies and obtained a final decision after a hearing. *Doc. 16* at 1. The Commissioner attached to his brief a declaration from Janay Podraza, Chief of the Court Case Preparation and Review Branch 2 of the Office of Appellate Operations of the Social Security Administration. *Doc. 16-2* at 1–5. In addition to attaching documents from Nunez's social security file to his declaration, Podraza makes factual statements in his declaration. *Id*. at 1–77. Nunez subsequently filed a brief in opposition to the motion to dismiss. *Doc. 18*.

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Under this provision, if documents outside the pleadings are presented in connection with a 12(b)(6) motion to dismiss, the "Court has discretion to either convert the motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the

pleadings and continue to treat the filing as a motion to dismiss." *Yuratovich v. U.S. Dept. of Just.,* No. CV 13-5651 (NLH), 2015 WL 8328328, at *3 (D.N.J. Dec. 8, 2015).

Here, the Commissioner relies on the Podraza declaration and attached documents. As the United States District Court for the Southern District of New York concluded in a prior case filed by Nunez, the Podraza declaration and attached documents "are integral to resolution of" the Commissioner's motion to dismiss for lack of exhaustion. *Nunez v. Saul*, No. 19 CIV. 0170 (PED), 2020 WL 3962046, at *3 (S.D.N.Y. July 13, 2020), *aff'd,* 848 F. App'x 35, 36 (2d Cir. 2021). Thus, by an Order dated July 25, 2024, we exercised our discretion to convert the motion to dismiss into a motion for summary judgment. *Doc. 19*. And in accordance with Fed. R. Civ. P. 12(d), we notified the parties that we will treat the motion as a motion for summary judgment, that we will consider the documents submitted by the Commissioner, and that we will decide the motion under Fed. R. Civ. P. 56. *Id*. at 5, 7. We also gave Nunez a reasonable opportunity to present any pertinent summary judgment materials in opposition to the motion. *Id*. at 7. And given that Nunez is proceeding pro se, we attached to the July 25, 2024 Order a copy of Fed. R. Civ. P. 56. *Id*. at 8–10. We also notified Nunez about Federal Rule of Civil Procedure 56(d) and that under that rule, if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts

essential to justify its opposition, the court may" defer ruling on the motion for summary judgment, deny the motion for summary judgment, allow time to obtain affidavits or declarations or to take discovery, or enter any other appropriate order. *Id*. at 6.

On August 2, 2024, Nunez filed an affidavit in opposition to the Commissioner's motion. *See doc. 20*. The Commissioner has not filed a reply brief. Thus, this matter is ripe for decision.

### III. Summary Judgment Standards.

Federal Rules of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v. U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed. R. Civ. P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322.

Summary judgment is also appropriate if the nonmoving party provides merely colorable, conclusory, or speculative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252.  "Where the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Id.* at 248–49.

When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)). At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249. The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. Consol. Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Celotex,* 477 U.S. at 323).  "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

**IV. The Material Facts.**

The Commissioner has presented the Podraza declaration. *Doc. 16-2* at 1–5.  In his declaration, Podraza makes factual statements. *Id*. at 1–77.  Citing documents relevant to Nunez's claim for supplemental security income, Podraza sets forth the steps taken in connection with that claim.  The documents and Podraza's declaration show the following, none of which Nunez has disputed.

On March 9, 2018, Nunez applied for supplemental security income benefits. *Doc. 16-2* ¶ 3(a).  After the state agency denied the claim at the initial level of review, Nunez filed a request for a hearing before an administrative law judge ("ALJ"). *Id.* ¶¶ 3(a), (b).  In October 2018, the Office of Hearings Operations acknowledged Nunez's request for a hearing and provided information about hearing procedures. *Id.* ¶ 3(b).  About a week later, Nunez responded that he wanted to appear at his hearing in person, rather than by video teleconference. *Id.*

In December 2018, Nunez appointed Lori Lembeck as his representative. *Id.* ¶ 3(c).  In June 2019, Ms. Lembeck withdrew as Nunez's representative. *Id.* ¶ 3(e).

By a Notice of Hearing sent to Nunez on June 26, 2019, a hearing before an ALJ was scheduled for September 11, 2019. *Id.* ¶ 3(f).  And a reminder of that hearing was sent to Nunez on August 28, 2019. *Id.*

Nunez did not appear on September 11, 2019, for the hearing. *Id.* ¶ 3(g).  Thus, on September 17, 2019, the ALJ dismissed Nunez's earlier request for a hearing. *Id.*[1]  Nunez has not filed a request for review of the ALJ's September 17, 2019 dismissal. *Id.* ¶ 3(l).

---

[1] The ALJ explained that because Nunez did not appear at the hearing and because there was not good cause for him not to appear, Nunez's earlier request for a hearing was dismissed and the earlier determination denying Nunez's claim remains in effect. *See doc. 16-2* at 59–60.

In the meantime, on January 7, 2019, Nunez filed a civil action in the United States District Court for the Southern District of New York. *Id.* ¶ 3(d). He contended that the Appeals Council denied his request for review on August 22, 2018. *Nunez v. Saul*, No. 19 CIV. 0170 (PED), 2020 WL 3962046, at *1 (S.D.N.Y. July 13, 2020).² In that case, the Commissioner filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment because Nunez failed to obtain a final decision and, thus, failed to exhaust administrative remedies. *Id.* at *2, *4. Because the Commissioner relied on matters outside the pleadings, Magistrate Judge Davison treated the Commissioner's motion as a motion for summary judgment. *Id.* at *3. And concluding that dismissal for failure to appear at the ALJ hearing is not final decision on the merits, Magistrate Judge Davison concluded that Nunez failed to exhaust administrative remedies. *Id.* at *4. Further concluding that there was no basis to excuse Nunez's failure to exhaust, Magistrate Judge Davison granted the Commissioner's motion for summary judgment. *Id.* at *5–6. The United States Court of Appeals for the Second Circuit affirmed Magistrate Judge Davison's

---

² As that court noted, "August 22, 2018 is the date of the Commissioner's letter informing plaintiff that his claim was administratively denied and apprising him of his right to a hearing." *Nunez v. Saul*, No. 19 CIV. 0170 (PED), 2020 WL 3962046, at *1 n. 2 (S.D.N.Y. July 13, 2020). "Thus, it appears that plaintiff has likely misinterpreted the administrative denial of benefits as an Appeals Council decision." *Id*. "The record contains no letter or decision from the Appeals Council." *Id*.

decision. *Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35, 36 (2d Cir. 2021). And the United States Supreme Court denied Nunez's petition for certiorari. *Nunez v. Kijakazi*, 142 S. Ct. 271 (2021).[3]

**V. Discussion.**

The Social Security Act provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 42 U.S.C.A. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

---

[3] Podraza also mentions that Nunez filed another action in the United States District Court for the Southern District of New York that was subsequently transferred to this court. *See Nunez v. Commissioner of Social Security*, 1:23-cv-01435 (M.D. Pa.). That case, which named among other defendants the Commissioner of Social Security, was construed as a civil rights case, and the court dismissed that case on November 27, 2023. *See doc. 27* in 1:23-cv-01435. That case is not relevant to the instant case.

As set forth above, the Commissioner filed his motion pursuant to Fed. R. Civ. P. 12(b)(6). And he asserts that "[b]ecause the requirements in 42 U.S.C. §§ 405(g) and 1383(c)(3) are 'non jurisdictional and may be waived,' Federal Rule of Civil Procedure 12(b)(6) is the appropriate basis for a motion to dismiss for failure to exhaust administrative remedies." *Doc. 16* at 5. Yet, at some points in his brief, the Commissioner asserts that the court lacks subject-matter jurisdiction. *Id*. at 1, 5. But the Commissioner's contention that Nunez failed to exhaust administrative remedies does not implicate the court's subject-matter jurisdiction.

42 U.S.C. § 405(g)'s provision for judicial review of "any final decision . . . made after a hearing" "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). The jurisdictional presentment requirement is met where a claimant has filed an application for benefits with the Social Security Administration. *See Mathews v. Diaz*, 426 U.S. 67, 75 (1976) ("Although 42 U.S.C. § 405(g) establishes filing of an application as a nonwaivable condition of jurisdiction . . . Espinosa satisfied this condition while the case was pending in the District Court."). Here, the Commissioner asserts that Nunez applied for benefits and his claim was denied at the initial level of review. *Doc. 16* at 2. The

Commissioner does not contend that Nunez failed to present his claim for benefits. Rather, the Commissioner contends that Nunez failed to exhaust the later stages of the administrative-remedy process. *Id*. at 11–15. Thus, this case involves the non-jurisdictional element of administrative exhaustion. And the court will disregard the Commissioner's references to subject-matter jurisdiction.

To exhaust administrative remedies, social security "claimants must generally proceed through a four-step process before they can obtain review from a federal court":

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.

*Smith*, 587 U.S. at 475–76. Thus, "[t]o exhaust administrative remedies, a claimant must seek review by an Administrative Law Judge (ALJ) and then the Appeals Council." *Cope v. Soc. Sec. Admin.*, 532 F. App'x 58, 60 (3d Cir. 2013).

"A claimant . . . who is properly notified of a scheduled hearing but fails to appear without good cause has failed to exhaust administrative remedies and is not entitled to judicial review." *Pallotta v. Barnhart*, 144 F. App'x 938, 941 (3d Cir. 2005). Here, is it undisputed that Nunez did not appear at his scheduled ALJ hearing despite being sent notice of that hearing as well as a reminder of the hearing. And the ALJ found that there was not good cause for Nunez's failure to

appear. Thus, Nunez failed to exhaust administrative remedies. *See also Nunez v. Saul*, No. 19 CIV. 0170 (PED), 2020 WL 3962046, at *4 (S.D.N.Y. July 13, 2020) (concluding that Nunez failed to exhaust administrative remedies where he failed to appear at the scheduled ALJ hearing), *aff'd*, 848 F. App'x 35, 36 (2d Cir. 2021).

The Social Security Administration may the waive exhaustion requirement in particular cases. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). Here, however, it has not done so, and the Commissioner moves for dismissal based on Nunez's failure to exhaust.

In limited circumstances, the exhaustion requirement may also be "excused by the courts." *Smith*, 587 U.S. 478 (citing *Bowen v. City of New York*, 476 U.S. 467, 484 (1986), and *Mathews*, 424 U.S. at 330). There are three situations when the court may excuse exhaustion: "namely, when (1) '[t]he claims . . . are collateral to the claims for benefits'; (2) 'the claimants . . . would be irreparably injured were the exhaustion requirement . . . enforced against them'; and (3) '[t]he purposes of exhaustion would not be served by requiring' it, as exhaustion would be 'futile.'" *L.N.P. v. Kijakazi*, 64 F.4th 577, 584 (4th Cir. 2023) (quoting *Bowen*, 476 U.S. at 483–85). "Even so, the *Bowen* Court admonished that '[i]n the normal course,' exhaustion should not be excused." *Id.* (quoting *Bowen*, 476 U.S. at 484–85).

Here, Nunez has filed an affidavit in opposition to the Commissioner's motion. *See doc. 20*. He talks about events that happened in February and March

of 2018 and June of 2019, regarding his contact with mental health professionals and the police. *Id.* ¶¶ 4, 5, 7.  And he asserts that he was forced out of his home in May of 2018. *Id.* ¶ 6.  But Nunez does not show that any of the bases for excusing exhaustion are applicable in this case.  And it is not apparent that any of those situations apply.  First, Nunez's claim in this case is not collateral to his claim for benefits as what he is seeking here is benefits.  Second, Nunez has not shown that a retroactive award of benefits would not remedy his injury.  Third, as Nunez is seeking social security benefits there is no basis to assume that exhaustion of administrative remedies would be futile.  Accordingly, exhaustion of administrative remedies will not be excused in this case. *See also Nunez v. Saul*, No. 19 CIV. 0170 (PED), 2020 WL 3962046, at *5–6 (S.D.N.Y. July 13, 2020) (declining to excuse Nunez's failure to exhaust and granting the Commissioner summary judgment), *aff'd*, 848 F. App'x 35, 36 (2d Cir. 2021).

      Because Nunez failed to exhaust administrative remedies, the Commissioner has not waived the exhaustion requirement, and there is no basis to excuse exhaustion in this case, we will grant the Commissioner's motion for summary judgment and dismiss the complaint.  The dismissal will be without prejudice to Nunez refiling a complaint if he exhausts administrative remedies. *See Nellom v. Comm'r of Soc. Sec.*, No. 23-3215, 2024 WL 3219700, at *1 (3d Cir. June 28, 2024) (affirming dismissal of social security complaint without prejudice for

failure to exhaust administrative remedies); *Quigley v. O'Malley*, No. 24-1824, 2024 WL 3889621, at *3 (E.D. Pa. Aug. 21, 2024) (granting "the Commissioner's motion to dismiss the complaint without prejudice to allow for the Plaintiff to re-file a complaint in the event he exhausts all administrative remedies").

**VI.  Conclusion.**

For the reasons discussed above, we will grant the Commissioner's motion for summary judgment and dismiss the complaint without prejudice based on Nunez's failure to exhaust administrative remedies.  An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge